UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
CASE NO. 3:22-cv-01346-HLA-MCR

YEDIDAH "KATIE" GRIFFIN,

    Plaintiff,

v.

NIVEL PARTS & MANUFACTURING
CO., LLC, and
MORGAN STANLEY CAPITAL
GROUP, INC.,

    Defendants.
_____/

## MORGAN STANLEY'S MOTION TO DISMISS AMENDED COMPLAINT

Defendant MORGAN STANLEY CAPITAL GROUP, INC. respectfully moves to dismiss the Amended Complaint filed by Plaintiff YEDIDAH "KATIE" GRIFFIN as follows (with Morgan Stanley's responses following each allegation as stated in the Amended Complaint), pursuant to Federal Rule of Civil Procedure 12(b)(6):

### INTRODUCTION

Morgan Stanley Capital Group, Inc. ("Morgan Stanley") is not a parts manufacturer or Plaintiff's employer and is not a proper defendant in this employment case. Nothing in the Amended Complaint adequately alleges facts in

support of a finding otherwise. Consequently, the claims against Morgan Stanley are due to be dismissed.

I. **PLAINTIFF'S ALLEGATIONS AGAINST MORGAN STANLEY ARE CONCLUSORY.**

Plaintiff makes wholly conclusory allegations that Morgan Stanley is her "employer" as a result of having "purchased" or "bought" Nivel Parts & Manufacturing Co., LLC ("Nivel Parts"), in paragraphs 5, 7, 8, 9, and 28 of the Amended Complaint:

> 5. At all times pertinent hereto, Defendant, MORGAN STANLEY CAPITAL GROUP, INC., conducted business under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.
>
> 7. Plaintiff began her second period of employment with Defendant Nivel on or about October 2019 and held the position of Senior Buyer at the time of her wrongful termination on October 18, 2021. Approximately four months prior to Plaintiff's termination, around May or June, 2021, Morgan Stanley purchased Nivel and became Plaintiffs [sic] employer up to her termination.
>
> 8. Morgan Stanley replaced Plaintiff's former supervisor (Scott Blanton) with Paul Newman, who, upon information and belief, was (or still is) a Morgan Stanley employee. Newman later initiated the termination of employment process against Plaintiff.
>
> 9. Both defendants in this action were Plaintiff's employers, and exercised equal control over the terms and conditions of Plaintiff's employment. By replacing Plaintiff's former supervisor with a Morgan Stanley employee, both

>defendants were able to exercise control over the terms and conditions of Plaintiff's employment –Plaintiff answered to a Morgan Stanley employee, and worked in an environment otherwise controlled by Nivel employees.
>
>28.  In late May or June, 2021, Defendant Morgan Stanley bought Nivel, but the employees of Nivel remained with Morgan Stanley. The name "Nivel" is still on the signs at the location where Plaintiff worked and the outside world would not know that Morgan Stanley owns Nivel from the outside appearance of that location.

Plaintiff does not make any other allegations against Morgan Stanley. Plaintiff nevertheless has sued Morgan Stanley for violating the Family and Medical Leave Act, 29 USC §2612 *et seq.* ("FMLA") (see Counts I and III), the *Americans with Disabilities Act* of 1990, 42 USC § 12101 *et seq.* ("ADA") (see Counts II and III), and the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA") (see Count III).

But even accepting Plaintiff's allegations as true for purposes of this motion that Morgan Stanley "purchased" or "bought" Nivel Parts and, thus became her employer, the Amended Complaint still does not meet the pleading standards.  As the Court is aware, a limited liability company such as Nivel Parts is owned by "members" through "units" (akin to "shareholders" and "shares" in a corporation and providing the same separation for purposes of an alter ego/veil piercing analysis).  Nothing in the Amended Complaint, however, shows why a member of Nivel Parts would somehow be liable on an FMLA- or disability-connected claim

3

by one of Nivel Parts' former employees. Plaintiff does seek to make Morgan Stanley Plaintiff's *actual* employer by asserting "upon information and belief" that a supposed Morgan Stanley employee "initiated the termination of employment process against Plaintiff." Amended Complaint ¶ 8. Even if that were true (it is not), the allegation falls well short of suggesting the "control" required for a finding of joint employer status.

Simply put, merely alleging that Morgan Stanley became Plaintiff's employer as a result of Morgan Stanley "purchasing" or "buying" Nivel Parts and that it appointed her supervisor is insufficient to make a prima facie showing of what would be required to find a joint employer status making Morgan Stanley a de facto employer, as discussed below.

## II. PLAINTIFF HAS FAILED TO ALLEGE ANY FACTS SUPPORTING LIABILITY AGAINST MORGAN STANLEY.

Plaintiff fails to allege any facts that would subject Morgan Stanley to liability in this case. First, Plaintiff has not—and cannot—allege facts in support of a "joint employer" theory. *See, e.g., Braun v. Cadence Healthcare Sols.,* No. CV419-101, 2022 U.S. Dist. LEXIS 148406, at *5, *18, and *24 (S.D. Ga. Aug. 18, 2022) ("Plaintiff alleges that because Woodlands, Cadence, Tolbert, Chattahoochee, and Brogdon all exercised control over Plaintiff at the Midway Facility, they all acted as her joint employer."; "Plaintiff argues that she has alleged facts that plausibly support a finding that the Landlord Defendants were Plaintiff's joint employers

under the FMLA and that Chattahoochee was Plaintiff's joint employer under the ADA and ADEA."; "the Court finds that Plaintiff has not sufficiently alleged that Landlord Defendants acted as her joint employer or an integrated enterprise with Cadence and Woodlands under the FMLA.").

Plaintiff alleges Morgan Stanley is a joint employer because a supposed Morgan Stanley employee was Plaintiff's supervisor, and may have (on Plaintiff's "information and belief") "initiated" a process that led to Plaintiff's termination. *See* Amended Complaint ¶ 8.  But Plaintiff further alleges in paragraph 28 of the Amended Complaint that "Plaintiff answered to a Morgan Stanley employee, and worked in an environment otherwise controlled by Nivel employees."  Thus, even Plaintiff's own allegation suggests the employment "environment" was exclusively controlled by Nivel Parts.  These allegations are like those found insufficient in *Braun,* in which the court dismissed claims that multiple actors "all exercised *control over* Plaintiff." *Braun* at *5 (italics added).

Second, Plaintiff did not—and cannot—allege facts in support of an alter ego/veil piercing theory. *See, e.g., Edmondson v. Velvet Lifestyles, LLC,* 43 F.4th 1153, 1162 n.4 (11th Cir. 2022) ("Even if we did consider the plaintiffs' veil-piercing argument for the first time now, we would conclude on this record that the plaintiffs did not show the necessary misconduct or control by Yorkies. *See* [*Molinos Valle Del Cibao,* 633 F.3d 1330, 1349 (11th Cir. 2011)] (to pierce the

5

corporate veil in Florida, 'the plaintiff must prove...(1) [that] the [owner] dominated and controlled the corporation to such an extent that' the corporation did not have an 'independent existence' and the owner was its alter-ego; '(2) [that] the corporate form must have been used fraudulently or for an improper purpose;' and (3) that the use 'caused injury to the claimant'); s*ee also Steinhardt v. Banks,* 511 So. 2d 336, 339 (Fla. 4th DCA 1987) (summarizing improper conduct as creating the corporation as 'a mere device or sham to accomplish some ulterior purpose...where the purpose is to evade some statute or to accomplish some fraud or illegal purpose, or where the corporation was employed by the stockholders for fraudulent or misleading purposes, was organized or used to mislead creditors or to perpetuate a fraud upon them, or to evade existing personal liability') (citation omitted).')").

The Amended Complaint contains no allegations in support of an alter ego/veil piercing theory against Morgan Stanley.

### III.  PLAINTIFF'S FAILURE TO STATE A CLAIM AGAINST MORGAN STANLEY.

Based on these legal standards, neither a "joint employer" nor an "alter ego" theory is supported in the Amended Complaint.  As shown above, the allegations against Morgan Stanley as to its relationship to Plaintiff are legal conclusions that Morgan Stanley "became" Plaintiff's employer by virtue of its having "purchased" or "bought" Nivel Parts.  Notably, the allegation that Morgan Stanley "*became* Plaintiff's employer" by virtue of such "purchase" does not square with the

allegation that, following the purchase, "the employees of Nivel *remained* with Morgan Stanley" after the purchase. *Cf.* Amended Complaint ¶ 5 and ¶7 with ¶ 28 (italics added). Nor does the other factual detail offered—that "[t]he name 'Nivel' is still on the signs at the location where Plaintiff worked"—comport with control by Morgan Stanley. Amended Complaint ¶ 28. In other words, the allegations not only fail to suggest how Morgan Stanley is in fact Plaintiff's "employer" for purposes of the statutes, but they are also internally inconsistent.

As the Court knows, federal courts require more than "mere conclusory notice pleading." *Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984) ("[M]ore than mere conclusory notice pleading is required....[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory."); *GJR Investments, Inc. v. County of Escambia,* 132 F.3d 1359, 1367 (11th Cir. 1998) (a complaint must allege the relevant facts "with some specificity."); *see also Tuten v. Nocco,* 8:21-cv-2397-WFJ-AAS, 2022 U.S. Dist. LEXIS 195982, at *8 (M.D. Fla. Oct. 27, 2022) (citing *Fullman* and *GJR Investments*). The Eleventh Circuit has held:

> In order for the plaintiff to satisfy his "obligation to provide the grounds of his entitlement to relief," he must allege more than "labels and conclusions"; his complaint must include "[f]actual allegations [adequate] to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* [550 US 544, 555 (2007)]….Stated differently, the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief," [*id.*]. Moreover, "while notice pleading

7

> may not require that the pleader allege a `specific fact' to cover every element or allege `with precision' each element of a claim, it is still necessary that a complaint `contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.,* 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).

*Financial Sec. v. Stephens, Inc.,* 500 F.3d 1276, 1282 (11th Cir. 2007) (some citations simplified).

These same principles apply in FMLA and ADA contexts. *See, e.g., Barnett v. City of Opa-Locka,* 21-cv-21075-BLOOM/Otazo-Reyes, 2022 U.S. Dist. LEXIS 35271, at *8-9 (S.D. Fla. Feb. 28, 2022) (dismissing FMLA claims for inadequate pleading); *Joubert v. City of Jacksonville,* No. 3:06-cv-480-J-33TEM, 2007 U.S. Dist. LEXIS 9790, at *8 (M.D. Fla. Feb. 12, 2007) (dismissing ADA claims for inadequate pleading); *Braun*, at *15 ("'the proper procedure for a district court is to assume jurisdiction and utilize the standards associated with a 12(b)(6) motion or Rule 56 motion for summary judgment.'…The Court finds that this rule applies with equal force to claims brought under the ADA or FMLA since the question of whether a defendant is an 'employer' is a determinative element of claims brought under either statute, as the Court discusses later in this order.") (citations omitted).

Nor does Plaintiff enjoy the "all plausible inferences in her favor" doctrine with respect to her allegations that Morgan Stanley "became her employer." That allegation—upon which all of Plaintiff's claims against Morgan Stanley depend—is

8

a legal conclusion offered by Plaintiff. But legal conclusions do not meet the pleading standard set forth above, and in fact do not even meet the liberal interpretive standard upon which Plaintiff will seek to rely. As the court in *Barnett* pointed out:

> When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance,* 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC,* 608 F.Supp.2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555; *see also Iqbal,* 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office,* 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).

*Barnett* at *3.

Nothing in the Amended Complaint supports Plaintiff's allegation that Morgan Stanley was her employer. Even if Morgan Stanley "purchased" or "bought" Nivel Parts and even if a Morgan Stanley employee was her supervisor, the Amended Complaint still fails to show the kind of control that would make Morgan Stanley Plaintiff's employer.

## CONCLUSION

Morgan Stanley has never been Plaintiff's employer.  More importantly for purposes of this Motion, Plaintiff has alleged no "[f]actual allegations [adequate] to raise a right to relief above the speculative level" that Morgan Stanley ever employed Plaintiff or is otherwise liable to Plaintiff.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007*)*.  Consequently, the Amended Complaint must be dismissed.

## LOCAL RULE 3.01(g) CERTIFICATION

In accordance with Local Rule 3.01(g), counsel for Morgan Stanley conferred with Plaintiff's counsel by phone and by multiple emails.  Plaintiff's counsel does object to the relief requested herein.

## ATTORNEYS' FEES DEMAND

Defendant has agreed to pay the undersigned firm a fee based upon an hourly rate to defend this action.  Plaintiff's claims are without merit, made in bad faith, and groundless, and are so egregiously far from the truth that Defendant is entitled to recover its reasonable attorneys' fees and costs in defending this action pursuant to 42 USC §1988(b), 42 USC §2000e-5(k), or other appropriate statute.

WHEREFORE, Morgan Stanley respectfully requests the claims against it be dismissed.

Respectfully submitted,

*s/John K. Londot*
JOHN K. LONDOT, ESQ.

        Florida Bar No. 579521
GREENBERG TRAURIG, P.A.
101 East College Avenue
Tallahassee, FL 32301
Phone 850-425-8539
Fax 850-681-0207
londotj@gtlaw.com
hoffmannm@gtlaw.com

and

Beth A. Black, Esq.
GREENBERG TRAURIG, P.A.
777 South Flagler Drive
Suite 300 East
West Palm Beach, FL 33401
blackb@gtlaw.com
*Counsel for Morgan Stanley*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 27th day of December 2022, by Florida Courts e-filing Portal to:

Marie A. Mattox, Esq.
Adam Ellis, Esq.
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, FL 32301
Phone 850-383-4800
Fax 850-383-4801
Marie@mattoxlaw.com
adam@mattoxlaw.com
marlene@mattoxlaw.com
michelle@mattoxlaw.com
*Attorneys For Plaintiff*

Benjamin D. Sharkey, Esq.
Benjamin.sharkey@jacksonlewis.com
Ross D. Vickers, Esq.
Ross.vickers@jacksonlewis.com
JACKSON LEWIS P.C.
501 Riverside Avenue, Suite 902
Jacksonville, FL 32202
Phone 904-638-2655
*Attorneys For Nivel Parts*

*s/John K. Londot*
JOHN K. LONDOT, ESQ.